STATE OF ILLINOIS  )
                   ) SS
COUNTY OF LAKE     )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JAMES M. RAUSTER, JR.,            )
                                  )
            Plaintiffs,           )
                                  )
vs.                               )    No.
                                  )
MCCORD TRUCKING, LLC.,            )
JOSEPH A. MCCORD, and MICHAEL     )
E. CONWAY,                        )
                                  )
            Defendants.           )

## COMPLAINT AT LAW
## COUNT I – MCCORD TRUCKING, LLC

NOW COMES the Plaintiff, JAMES M. RAUSTER, JR., by and through his attorneys, Collison & O'Connor, Ltd. and the Law Office of Steven A. Crifase, Ltd., and complaining of the Defendant, MCCORD TRUCKING, LLC., allege as follows:

1. That on December 27, 2007, and a long time prior thereto, on the Dan Ryan Expressway/Interstate 94 (hereinafter referred to as "I-94") is a public highway running in a northerly and southerly direction, in the City of Chicago, County of Cook, State of Illinois.

2. That on December 27, 2007, and a long time prior thereto, 68th Street is a public highway running in an easterly and westerly direction in the City of Chicago, County of Cook, State of Illinois.

3. That on December 27, 2007, the Plaintiff, JAMES M. RAUSTER, JR., was operating a motor vehicle in a northerly direction on I-94, at or near its cross street of 68th Street, in the City of Chicago, County of Cook, State of Illinois.

4. That on December 27, 2007, the Defendant, MICHAEL E. CONWAY, was operating a motor vehicle in a northerly direction on I-94, at or near its cross street of 68th Street, in the City of Chicago, County of Cook, State of Illinois.

5. That on December 27, 2007, the Defendant, MICHAEL E. CONWAY, was an agent, servant, and/or employee of the Defendant, MCCORD TRUCKING, LLC and/or JOSEPH A. MCCORD.

6. That on December 27, 2007, Defendant, MICHAEL E. CONWAY, as the agent, servant, and/or employee of the Defendant, was operating a truck and tractor trailer in a northerly direction on I-94, at or near 68th Street, in the City of Chicago, County of Cook, and State of Illinois.

7. That at the time and place aforesaid, the Defendant, MICHAEL E. CONWAY, was acting within his scope of employment with the Defendant, MCCORD TRUCKING, LLC and/or JOSEPH A. MCCORD, and was therefore acting as the agent, servant, and/or employee of the Defendant.

8. That at the time and place aforesaid, the Defendant, MICHAEL E. CONWAY, was possessed of and had charge and control of and was operating a motor vehicle in a northerly direction on I-94, at or near 68th Street, in the City of Chicago, County of Cook, and State of Illinois.

9. That both before and at the time of the occurrence, the Plaintiff was in the exercise of ordinary care for his own safety.

10. That at all relevant times, MCCORD TRUCKING, LLC, was an Indiana Corporation doing business in Illinois, and throughout the Midwest, including delivering and/or selling certain goods and services in Illinois and using the roadways of Illinois.

11. That at the time and place aforesaid, the Defendant, MCCORD TRUCKING, LLC, was possessed of and owned the motor vehicle then and there in the charge and control of MICHAEL E. CONWAY, and had entrusted the said motor vehicle to the charge and control of MICHAEL E. CONWAY.

12. That at the time and place aforesaid, it then and there became and was the duty of the Defendant, MCCORD TRUCKING, LLC; itself and by and through its agents, servants, and/or employees, MICHAEL E. CONWAY, to use ordinary care and caution in the operation, maintenance and/or use of its motor vehicle so as not to cause injury to persons on the roadway, including the Plaintiff, JAMES M. RAUSTER, JR..

13. That at the time and place aforesaid, Defendant MICHAEL E. CONWAY, was driving in the northbound lane and struck the rear end and side of the Plaintiff's vehicle with the front-end of the truck he was operating.

14. That at the time and place aforesaid, the Defendant, MCCORD TRUCKING, LLC, itself and/or through said agent, servant, and/or employee, MICHAEL E. CONWAY, negligently and improperly did one or more of the following:

   a. Failed to keep an adequate lookout for other vehicles, including the Plaintiff's vehicle.

   b. Failed to keep said motor vehicle under adequate control so as to avoid injury to the plaintiff.

3

  c. Failed to so steer and control the speed of the said motor vehicle that the same would not collide with the automobile in which the plaintiff was riding.

  d. Operated said motor vehicle at a dangerous rate of speed under the conditions then and there existing, in violation of 625 ILCS 5/11-601, *et seq.*

  e. Failed to decrease the speed of said motor vehicle when a special hazard existed, in violation of 625 ILCS 5/11-601

  f. Failed to give audible warning of the approach of the said motor vehicle, in violation of 625 ILCS 5/12-601.

  g. Failed to provide the said motor vehicle with brakes adequate to stop said vehicle, in violation of 625 ILCS 5/12-301.

  h. Failed to apply the brakes of said motor vehicle, when danger to the plaintiff was imminent.

  i. Failed to stop said motor vehicle in time to avoid striking the motor vehicle in which the plaintiff was riding.

  j. Failed to allow and maintain an adequate interval between vehicles, following too close to the Plaintiff.

  k. Negligently hired, trained, or supervised its drivers.

  l. Negligently entrusted said vehicle to a driver that was not properly trained or supervised in the safe operation, maintenance and use of a tractor trailer.

  m. Was otherwise negligent in the operation, supervision, maintenance, or use of said vehicle to be determined by the proofs after discovery.

12. That as a proximate result of the conduct of the Defendant, MCCORD TRUCKING, LLC, as aforesaid, the Plaintiff, JAMES M. RAUSTER, JR., was injured internally, externally and otherwise, both temporarily and permanently; was injured causing pain and suffering; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from

4

thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, loss of a normal life, incurred medical expenses for treatment, and thereby sustained the loss of earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, JAMES M. RAUSTER, JR., prays for judgment against the Defendant, MCCORD TRUCKING, LLC, in a sum in excess of FIFTY THOUSAND AND NO/00 ($50,000.00) DOLLARS.

## COUNT II – JOSEPH A. MCCORD

NOW COMES the Plaintiff, JAMES M. RAUSTER, JR., by and through his attorneys, Collison & O'Connor, Ltd. and the Law Office of Steven A. Crifase, Ltd., and complaining of the defendant, JOSEPH A. MCCORD, allege:

1-9. The Plaintiff re-adopts and re-alleges Paragraphs 1 through 9 of Count I as Paragraphs 1 through 9 of Count II as though more fully set forth herein.

10. That on December 27, 2007, and a long time prior thereto, the Defendant, JOSEPH A. MCCORD, owned an Indiana Corporation, known as MCCORD TRUCKING, LLC, that was doing business in Illinois and throughout the Midwest including delivering and/or selling certain goods and services in Illinois at aforesaid time and used the roadways of Illinois, including Interstate 94.

15. That at the time and place aforesaid, it then and there became and was the duty of the Defendant, JOSEPH A. MCCORD, individually and by and through his agent, servant and/or employee, MICHAEL E. CONWAY, to use ordinary care and

5

caution in the operation, maintenance and/or use of the motor vehicle being operated by the Defendant, MICHAEL E. CONWAY, so as not to cause injury to the Plaintiff.

16. That at the time and place aforesaid, the Defendant, JOSEPH A. MCCORD, was possessed of and owned the motor vehicle then and there in the charge and control of MICHAEL E. CONWAY, and had entrusted the said motor vehicle to the charge and control of MICHAEL E. CONWAY.

17. That at the time and place aforesaid, it then and there became and was the duty of the Defendant, JOSEPH A. MCCORD, itself and by and through its agents, servants, and/or employee, MICHAEL E. CONWAY, to use ordinary care and caution in the operation, maintenance and/or use of its motor vehicle so as not to cause injury to persons on the roadway, including the Plaintiff, JAMES M. RAUSTER, JR..

11. That at the time and place aforesaid, Defendant MICHAEL E. CONWAY, said employee, agent and/or servant of the Defendant, JOSEPH A. MCCORD, was driving in the northbound lane and struck the rear passenger side of the Plaintiff's vehicle with the defendant's front-end.

12. That at the time and place aforesaid, the Defendant, JOSEPH A. MCCORD, individually and/or by and through his agent, servant, and/or employee, MICHAEL E. CONWAY, negligently and improperly did one or more of the following:

    a. Failed to keep an adequate lookout for other vehicles, including the Plaintiff's vehicle.

6

    b.    Failed to keep said motor vehicle under adequate control so as to avoid injury to the Plaintiff.

    c.    Failed to so steer and control the speed of the said motor vehicle that the same would not collide with the automobile in which the Plaintiff was riding.

    d.    Operated said motor vehicle at a dangerous rate of speed under the conditions then and there existing, in violation of 625 ILCS 5/11-601, *et seq*.

    e.    Failed to decrease the speed of said motor vehicle when a special hazard existed, in violation of 625 ILCS 5/11-601

    f.    Failed to give audible warning of the approach of the said motor vehicle, in violation of 625 ILCS 5/12-601.

    g.    Failed to provide the said motor vehicle with brakes adequate to stop said vehicle, in violation of 625 ILCS 5/12-301.

    j.    Failed to apply the brakes of said motor vehicle, when danger to the plaintiff was imminent.

    k.    Failed to stop said motor vehicle in time to avoid striking the motor vehicle in which the plaintiff was riding.

    j.    Failed to allow and maintain an adequate interval between vehicles, following too close to the Plaintiff.

    k.    Negligently hired, trained, or supervised its drivers.

    l.    Negligently entrusted said vehicle to a driver that was not properly trained or supervised in the safe operation, maintenance and use of a tractor trailer.

    m.    Was otherwise negligent in the operation, supervision, maintenance, or use of said vehicle to be determined by the proofs after discovery.

12. That as a proximate result of the conduct of the Defendant, JOSEPH A. MCCORD, as aforesaid, the Plaintiff, JAMES M. RAUSTER, JR., was injured internally, externally and otherwise, both temporarily and permanently; was injured causing pain and suffering; and plaintiff thereby became sick, sore, lame,

7

diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, loss of a normal life, incurred medical expenses for treatment, and thereby sustained the loss of earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, JAMES M. RAUSTER, JR., prays for judgment against the Defendant, JOSEPH A. MCCORD, in a sum in excess of FIFTY THOUSAND AND NO/00 ($50,000.00) DOLLARS.

### COUNT III – MICHAEL E. CONWAY

NOW COMES the Plaintiff, JAMES M. RAUSTER, JR., by and through his attorneys, Collison & O'Connor, Ltd. and the Law Office of Steven A. Crifase, Ltd., and complaining of the Defendant, MICHAEL E. CONWAY, Individually and as Agent of MCCORD TRUCKING, LLC., allege:

1-4. Plaintiff re-adopts and re-alleges Paragraphs 1 through 4 of Count I as Paragraphs 1 through 4 of Count III as though more fully set forth herein.

5. That at the aforesaid time and place, it was the duty of the Defendant, MICHAEL E. CONWAY, to use ordinary care for the safety of the Plaintiff, JAMES M. RAUSTER, JR.

6. That at the time and place aforesaid, the Defendant, MICHAEL E. CONWAY, was possessed of and had charge and control of and was operating a motor vehicle

in a northerly direction on I-94, at or near 68th Street, in the City of Chicago, County of Cook, and State of Illinois.

7. That both before and at the time of the occurrence, the Plaintiff was in the exercise of ordinary care for his own safety.

8. That at the time and place aforesaid, the front of the vehicle being operated by the Defendant, MICHAEL E. CONWAY, struck the rear of the vehicle being operated by the Plaintiff, JAMES M. RAUSTER, JR.

9. That at the time and place aforesaid, the Defendant, MICHAEL E. CONWAY, negligently and improperly did one or more of the following:

   a. Failed to keep an adequate lookout for other vehicles, including the Plaintiff's vehicle.

   b. Failed to keep said motor vehicle under adequate control so as to avoid injury to the plaintiff.

   c. Failed to so steer and control the speed of the said motor vehicle that the same would not collide with the automobile in which the plaintiff was riding.

   d. Operated said motor vehicle at a dangerous rate of speed under the conditions then and there existing, in violation of 625 ILCS 5/11-601, *et seq*.

   e. Failed to decrease the speed of said motor vehicle when a special hazard existed, in violation of 625 ILCS 5/11-601

   f. Failed to give audible warning of the approach of the said motor vehicle, in violation of 625 ILCS 5/12-601.

   g. Failed to provide the said motor vehicle with brakes adequate to stop said vehicle, in violation of 625 ILCS 5/12-301.

   l. Failed to apply the brakes of said motor vehicle, when danger to the plaintiff was imminent.

   m. Failed to stop said motor vehicle in time to avoid striking the motor vehicle in which the plaintiff was riding.

9

    j.     Failed to allow and maintain an adequate interval between vehicles, following too close to the Plaintiff.

    k.     Negligently hired, trained, or supervised its drivers.

    l.     Negligently entrusted said vehicle to a driver that was not properly trained or supervised in the safe operation, maintenance and use of a tractor trailer.

    m.     Was otherwise negligent in the operation, supervision, maintenance, or use of said vehicle to be determined by the proofs after discovery.

10. That proximate result of the conduct of the defendant, MICHAEL E. CONWAY as aforesaid, the Plaintiff, JAMES M. RAUSTER, JR., was injured internally, externally and otherwise, both temporarily and permanently; was injured causing pain and suffering; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, loss of a normal life, incurred medical expenses for treatment, and thereby sustained the loss of earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the Plaintiff, JAMES M. RAUSTER, JR., prays for judgment against the defendant, MICHAEL E. CONWAY, in a sum in excess of FIFTY THOUSAND AND NO/00 ($50,000.00) DOLLARS.

                                        COLLISON & O'CONNOR, LTD.

                                        BY: _____
                                              Kevin W. O'Connor

**COLLISON & O'CONNOR, LTD.**
Attorney No. 43057
Attorneys for Plaintiff
19 South LaSalle Street
Chicago, Illinois 60603
(312) 229-1560 (t)
(312) 332-4629 (f)

**LAW OFFICE OF STEVEN A. CRIFASE, LTD.**
8 South Michigan
Suite 2000
Chicago, IL 60603
(312) 855-0511